NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SALLY HERMS,**
*Petitioner-Appellant*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

---

2025-1007

---

Appeal from the United States Court of Federal Claims in No. 1:19-vv-00070-CFL, Senior Judge Charles F. Lettow.

---

Decided:  January 15, 2026

---

JOHN FRANCIS MCHUGH, New York, NY, for petitioner-appellant.

ALEC SAXE, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, C. SALVATORE D'ALESSIO, COLLEEN HARTLEY, HEATHER LYNN PEARLMAN.

---

Before LOURIE, TARANTO, and CHEN, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Sally Herms filed a petition in the Court of Federal Claims ("the Claims Court") for compensation under the National Vaccine Injury Compensation Program ("the Vaccine Act" or "the Program"), 42 U.S.C. §§ 330aa-10 to 330aa-34. She claimed that the diphtheria tetanus toxoid acellular pertussis ("DTaP") vaccination she received caused sensorineural hearing loss ("SNHL") and tinnitus in her left ear. The special master denied her claim, and the Claims Court affirmed that decision. *See Herms v. Sec'y of Health & Hum. Servs.*, No. 19-70V, 2024 WL 1340669 (Fed. Cl. Spec. Mstr. Mar. 4, 2024) (*Special Master Decision*), *aff'd*, 173 Fed. Cl. 1 (2024) (*Claims Court Decision*); *see also* J.A. at 666–700; J.A. at 1–19.[1] We *affirm*.

## BACKGROUND

Herms received the DTaP vaccine on June 18, 2017. *Special Master Decision*, 2024 WL 1340669, at *1. Two days later, she experienced fever, muscle aches, and a "feeling of being in a tunnel." *Id.*; J.A. 43, 46. She awoke and found that she was deaf in her left ear. *Special Master Decision*, 2024 WL 1340669, at *1. The next morning, she had tinnitus in her left ear. *Id.*

In January 2019, Herms filed her petition for compensation under the Vaccine Act. *Id.* She alleged that the DTaP vaccine caused SNHL and tinnitus in her left ear. *See id.* The case was assigned to a special master. Before the special master, the parties did not dispute the diagnoses, but rather causation—*i.e.*, whether the DTaP vaccine caused her injuries. *Id.*

---

[1]    J.A. refers to the Joint Appendix, ECF 24.

In making her decision, the special master considered evidence from Herms' treating physicians, *id.* at 24, two experts for Herms, *id.* at 19–21, and one expert for the agency, *id.* at 20, 24. In particular, the special master considered a theory from one of Herms' experts that molecular mimicry—the process by which materials in the DTaP vaccine activated the immune system of the inner ear—caused Herms' injuries. *Id.* at 8, 19. Considering the totality of the evidence, the special master found that Herms failed to meet her burden to show, by a preponderance of the evidence, that the DTaP vaccine caused her SNHL and tinnitus. *Id.* at 27. She reasoned that Herms failed to present preponderant evidence of a sound and reliable causation theory because Herms' experts provided conclusory opinions and cited unpersuasive reports. *Id.* at 18–23. The special master also reasoned that Herms failed to establish a connection between the vaccine and her injuries and insufficiently relied on the temporal proximity between the vaccine and start of symptoms. *Id.* at 23–26.

Herms sought review of the special master's decision in the Claims Court, which affirmed the decision. *Claims Court Decision*, 173 Fed. Cl. at 20. Herms appealed, and we have jurisdiction under 42 U.S.C. § 300aa-12(f).

## DISCUSSION

The Vaccine Act provides a means for claimants to petition the government to receive compensation for vaccine-related injuries or death. *LaLonde v. Sec'y of Health & Hum. Servs.*, 746 F.3d 1334, 1338 (Fed. Cir. 2014) (citing 42 U.S.C. § 300aa-10(a)). To receive compensation, a claimant must show causation between a vaccine and an injury. *Id.* The Vaccine Act distinguishes between "Table injuries" and "off-Table injuries." *Cerrone v. Sec'y of Health & Hum. Servs.*, 146 F.4th 1113, 1120 (Fed. Cir. 2025). "When a designated condition follows the administration of a designated vaccine within a designated

period of time, the injury is referred to as a Table injury, and causation is presumed." *Id.* (citing 42 U.S.C. §§ 300aa-11(c), 300aa-14). "All other injuries alleged to be caused by a vaccine are considered off-Table injuries." *Id.* The claimant must prove causation for off-Table injuries by a preponderance of the evidence. *Id*; *see* 42 U.S.C. § 300aa-13(a)(1)(A)–(B).

Here, Herms alleged an off-Table injury. *See Claims Court Decision*, 173 Fed. Cl. at 7; 42 C.F.R. § 100.3 (Vaccine Injury Table). She was thus required to prove by a preponderance of the evidence that the DTaP vaccine caused her SNHL and tinnitus. *See Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). To do so, she must provide: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *See id.*; *see also Special Master Decision*, 2024 WL 1340669 at *18 (enumerating the *Althen* elements).

"In Vaccine Act cases, we review a ruling by the [Claims Court] de novo, applying the same standard that it applies in reviewing the decision of the special master." *LaLonde*, 746 F.3d at 1338–39 (citation omitted). "We review factual findings under the arbitrary and capricious standard, and we review legal rulings to determine whether they are not in accordance with law." *Id.* at 1339 (cleaned up). Indeed, it is a "highly deferential standard with regard to factual matters." *Hodges v. Sec'y of Dep't of Health & Hum. Servs.*, 9 F.3d 958, 960 (Fed. Cir. 1993).

Here, both the special master and the Claims Court issued well-reasoned, thorough opinions. The special master considered the opinions of Herms' experts and treating physicians, categorizing them by each *Althen* prong. *Special Master Decision*, 2024 WL 1340669 at *7–

17, 18–27. She ultimately determined that the evidence for each factor was insufficient and conclusory. *Id.* at 18–27.

We conclude that the special master's conclusion that Herms' evidence of causation was unpersuasive was not in error. Indeed, "[t]here is nothing in the case to suggest that the [s]pecial [m]aster failed to comprehend the value or effect of the medical evidence." *See Hodges*, 9 F.3d at 961; *Special Master Decision*, 2024 WL 1340669 at *18–27 (addressing Herms' evidence in the context of each *Althen* prong). And the Claims Court did not err in upholding the special master's decision, as it properly analyzed the decision and determined it had "a rational basis in the record and properly applied the relevant law." *See Claims Court Decision*, 173 Fed. Cl. at 16–20. On the record before us, we find nothing arbitrary, capricious, or otherwise not in accordance with the law. *See Hodges*, 9 F.3d at 962.

Herms argues that the Claims Court erred by upholding the special master's discounting of the opinions of Herms' treating physicians and experts, while crediting the opinion of the agency's expert. *See* Open. Br. at 4, 8, 11–15, 16–22. In the same vein, Herms argues that the Claims Court "insist[ed] on hard proof" of causation and "significantly increased [her] burden of proof" by rejecting her molecular mimicry theory. *Id.* at 7, 11. We disagree. As stated above, the special master properly engaged with those arguments, weighed the evidence, and found that the opinions of Herms' experts and doctors were unpersuasive. *See Special Master Decision*, 2024 WL 1340669 at *19–21. Herms asks us to reweigh the evidence; but given our standard of review, we cannot do so. *See Hodges*, 9 F.3d at 961–62; *Porter v. Sec'y of Health & Hum. Servs.*, 663 F.3d 1242, 1249 (Fed. Cir. 2011) ("We do not reweigh the factual evidence, assess whether the special master correctly evaluated the evidence, or examine the probative value of the evidence or credibility of the witnesses." (citation omitted)). The Claims Court "is not to second guess the [s]pecial [m]aster[']s fact-intensive conclusions; the

HERMS v. HHS

standard of review is uniquely deferential for what is essentially a judicial process." *Hodges*, 9 F.3d at 961 (citation omitted).  And our review is to "remain equally deferential." *Id.* (citations omitted).

CONCLUSION

We have considered Herms' other arguments but find them unpersuasive.  For the foregoing reasons, we *affirm* the final decision of the Claims Court.

**AFFIRMED**